# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VINCENT N. MICONE, III,

               Plaintiff,[1]

v.

UNITY HOME HEALTHCARE, LLC,
EDWARD THOMPSON, and DEBRA
J. BROOKS,

               Defendants.

Case No. 24-CV-477-JPS

**ORDER**

## 1.    INTRODUCTION

In April 2024, Plaintiff sued Defendants Unity Home Healthcare, LLC ("Unity"), Edward Thompson ("Thompson"), and Debra J. Brooks ("Brooks") (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") during the period of May 18, 2021 through May 17, 2023 (the "Investigation Period"). ECF No. 1; ECF No. 15-1 at 1. Defendants waived service of process. ECF No. 4.

Defendants failed to timely appear and respond, Fed. R. Civ. P. 12(a)(1)(A)(ii), and after several status updates to the Court, Plaintiff updated the Court that the parties' "settlement in principle ha[d] broken down." ECF No. 12. Plaintiff requested Clerk's entry of default, ECF No. 13, and the Clerk of Court entered default against Defendants accordingly, Jan.

---

[1]Plaintiff notes that "[b]y operation of law, Vincent N. Micone, III is substituted *sub nom.* for former Acting Secretary of Labor Julie A. Su." ECF No. 15 at 1 n.1 (citing Fed. R. Civ. P. 25(d)). The Court will order the Clerk of Court to update the docket accordingly.

14, 2025 docket entry. Now before the Court is Plaintiff's motion for default judgment. ECF No. 14. Defendants did not respond to Plaintiff's motion; it is accordingly ripe for the Court's consideration. For the reasons discussed herein, the Court will grant the motion, impose a permanent injunction, and enter default judgment against Defendants in the amount of $84,994.48.

## 2.    FACTS[2]

During the Investigation Period, Unity employed home-healthcare employees, including certified nursing assistants, for patients. Patients were generally seniors and/or disabled persons. Unity's employees bathed, moved, cooked for, cleaned, and otherwise helped patients with daily life activities.

Thompson and Brooks actively managed and supervised Unity's operations and its employees during the Investigation Period. They acted directly or indirectly in Unity's interests with respect to its employees. Among other things, they hired and fired employees, set work schedules, and set pay rates. Thompson and Brooks each owned and controlled 50% of Unity.

During the Investigation Period, Defendants repeatedly failed to pay at least one employee for all hours worked, resulting in hourly rates of less than $7.25 per hour in certain workweeks. They also repeatedly failed to

---

[2]Facts relevant to this Order are drawn from the complaint, ECF No. 1. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (noting that, for purposes of default judgment, court must accept complaint's factual allegations as true, except those relating to damages (citing Fed. R. Civ. P. 8(b)(6) and *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 725 (7th Cir. 2020))). Citations thereto are omitted for brevity. The Court also considers and cites to factual assertions set forth in the exhibits attached to the motion for default judgment to the extent that they are consistent with the complaint.

pay their employees 1.5 times their regular rates for hours worked in excess of 40 in a single workweek. Defendants paid employees at their regular rates of pay for all hours worked, including hours in excess of 40 per workweek. Defendants admitted to a U.S. Department of Labor Wage and Hour Division Investigator that they did not pay overtime because the state did not compensate the firm for overtime work. ECF No. 15-1 at 3. Defendants also treated two live-in employees as exempt from overtime compensation, but both employees were hired by Unity as Personal Care Assistants, and the live-in exemption was not applicable to either of them. *Id.*

Defendants also failed to keep complete and accurate records. They did not keep records of one employee's hours or pay from December 1, 2022 through December 14, 2022. Brooks claimed to have paid this employee from a personal bank account but never provided evidence in support of that claim. *Id.*

3. **LAW AND ANALYSIS**

   3.1 **Jurisdiction**

   "Before the court can consider entering judgment, . . . it must be satisfied that subject matter jurisdiction exists over this lawsuit." *Abele v. Abele*, No. 21-cv-370-wmc, 2021 U.S. Dist. LEXIS 140621, at *2 (W.D. Wis. July 28, 2021) (citing *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.")). The Court is satisfied that it has subject matter jurisdiction. Plaintiff invokes 28 U.S.C. § 1345, ECF No. 1 at 2, which provides that, "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer

thereof expressly authorized to sue by Act of Congress." Plaintiff also invokes 29 U.S.C. §§ 216(c) and 217, which provide, respectively, that "[t]he Secretary [of Labor] may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages" and that the district courts "have jurisdiction . . . to restrain violations" of the FLSA.

The Court is also satisfied that it has personal jurisdiction over Defendants. *See e360 Insight v. Spamhouse Project*, 500 F.3d 594, 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void . . . ." (collecting cases)). Unity is a limited liability company organized under the laws of Wisconsin, has a registered agent address and principal office in Wisconsin, and conducts business in Wisconsin. *Corporate Records*, STATE OF WIS. DEP'T OF FIN. INSTS. [https://perma.cc/Z7FZ-G9XE] (last visited June 12, 2025; ECF No. 1 at 2. *See Duncanson v. Wine & Canvas IP Holdings LLC,* No. 1:16-cv-00788-SEB-DML, 2017 U.S. Dist. LEXIS 221763, at *5 (S.D. Ind. Apr. 20, 2017) (noting that "the Supreme Court in *Daimler* [*AG v. Bauman*, 571 U.S. 117 (2014)] suggested that an LLC's state of formation and principal place of business are the salient inquiries in determining where an LLC is subject to general personal jurisdiction").

The Court is further satisfied that it has personal jurisdiction over Thompson and Brooks. Thompson and Brooks are the registered agents of Unity. *Corporate Records*, STATE OF WIS. DEP'T OF FIN. INSTS. [https://perma.cc/Z7FZ-G9XE] (last visited June 12, 2025. They "actively managed and supervised" Unity from Wisconsin during the Investigation Period. ECF No. 1 at 2. They also waived service of process in this action. ECF No. 4. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J., concurring) ("Jurisdiction over the person

generally is dealt with by Rule 4, governing the methods of service through which personal jurisdiction may be obtained."); Fed. R. Civ. P 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . ."). For all these reasons, the Court is satisfied that it has the requisite forms of jurisdiction over this matter.

### 3.2    Liability

"Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Quincy Bioscience, LLC v. Bryk Enter., LLC*, No. 22-cv-658-jdp, 2023 U.S. Dist. LEXIS 65712, at *8 (W.D. Wis. Apr. 13, 2023) (quoting 10A FED. PRAC. & PROC. CIV. § 2688.1 (4th ed.)).

The Court begins with analyzing whether Thompson and Brooks are, as Plaintiff alleges in the complaint, "employers" under the FLSA such that they may be deemed liable in this matter. ECF No. 1 at 3. The question of whether a party is an "employer" under the FLSA is a question of law. *Karr v. Strong Detective Agency, Inc., Div. of Kane Servs.*, 787 F.2d 1205, 1206 (7th Cir. 1986). "The FLSA defines 'employer' . . . to include 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001) (quoting 29 U.S.C. 203(d) and collecting cases). "The word 'employer' is defined broadly under the FLSA to fulfill Congress's remedial intent," *Arteaga v. Lynch*, No. 10 C 1444 2013 U.S. Dist. LEXIS 138238, at *36–37 (N.D. Ill. Sept. 26, 2013) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) and *Bastian v. Apartment Inv. & Mgmt. Co.*, No. 07 C 2069, 2008 U.S. Dist. LEXIS 84280 (N.D. Ill. Oct. 21, 2008)), and "[m]ore than one person may be

an employer and liable for FLSA violations simultaneously under the Act," *id.* at *37 (citing *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 784–85 (N.D. Ill. 2011)). "Courts evaluating FLSA claims have imposed liability on individuals in a range of corporate positions, including general managers, provided such individuals acted on behalf of the [company] to cause the violations." *Id.* (citing *Dole v. Simpson*, 784 F. Supp. 538, 545 (S.D. Ind. 1991) and *Villanueva v. Falcon Constr. Co., Inc.*, No. 2:09-CV-107-PPS-PRC, 2011 U.S. Dist. LEXIS 31018 (N.D. Ind. Mar. 24, 2011)). All that being the case, and given Plaintiff's allegations regarding Thompson's and Brooks's roles with Unity, *see supra* Section 2, the Court is satisfied that they constitute "employers" under the FLSA.[3]

Plaintiff first alleges that Defendants violated Sections 206 and 215(a)(2) of the FLSA. ECF No. 1 at 3. Section 206(a)(1)(C) provides that "[e]very employer shall pay to each of his employees who . . . is employed in an enterprise engaged in commerce" a minimum wage of $7.25 an hour. Section 215(a)(2) provides that it is unlawful to "violate any of the provisions of [S]ection 206 or [S]ection 207" of the FLSA. Plaintiff alleges that Defendants repeatedly failed to pay at least one employee for all hours worked, "resulting in hourly rates of less than $7.25 per hour." ECF No. 1 at 3. Plaintiff has accordingly established Defendants' liability under Sections 206 and 215(a)(2).

Plaintiff next alleges that Defendants violated Sections 207 and 215(a)(2). Section 207(a)(1) provides that "no employer shall employ any of

---

[3]They may accordingly be held jointly and severally liable, along with Unity, for damages in this case. *See, e.g., Solis v. Int'l Detective & Protective Serv., Ltd.*, 819 F. Supp. 2d 740, 748 (N.D. Ill. 2011) (citing *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991)).

his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Section 215(a)(2) establishes that such a violation is unlawful. Plaintiff alleges that Defendants failed to pay any overtime wages during the Investigation Period, ECF No. 1 at 3, and that they conceded the same, ECF No. 15-1 at 3. Plaintiff has thus established Defendants' liability under Sections 207 and 215(a)(2).

Lastly, Plaintiff alleges that Defendants violated Sections 211 and 215(a)(5) by failing to keep complete and accurate records. Section 211(c) mandates that "[e]very employer subject to [the FLSA] . . . shall make, keep, and preserve . . . records of the persons employed by [it] and of the wages, hours, and other conditions and practices of employment maintained by [it]." It also mandates employers to "preserve such records" for purposes of investigations and inspections. 29 U.S.C. § 211(c). Section 215(a)(5) provides that it is unlawful to violate any of the provisions of Section 211(c). Plaintiff alleges that Defendants failed to keep any records of one of Unity's employee's hours or pay for a two-week period in December 2022. ECF No. 1 at 3. Plaintiff has accordingly established Defendants' liability under Sections 211 and 215(a)(5).

### 3.3    Relief

Having concluded that Plaintiff has established Defendants' liability under the FLSA, the Court turns to the matter of relief sought. A default judgment movant bears the responsibility to prove its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990)). Indeed, "even when a default judgment is

warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry "to ascertain the amount of damages with reasonable certainty." *e360 Insight*, 500 F.3d at 602 (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal bracketing omitted)). "[J]udgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff seeks to recover minimum wage and overtime back wages and liquidated damages. Plaintiff also seeks a permanent injunction. The Court addresses each in turn.

### 3.3.1   Minimum Wage and Overtime Back Wages

The Court begins with Plaintiff's request for minimum wage and overtime back wages. Section 216(b) provides that "[a]n employer who violates the provisions of [S]ection 206 or [S]ection 207 . . . shall be liable . . . in the amount of . . . unpaid minimum wages, or . . . unpaid overtime compensation . . . ." Section 216(c) provides that "[t]he Secretary [of Labor] may bring an action . . . to recover the amount of unpaid minimum wages or overtime compensation . . . ."

U.S. Department of Labor Wage and Hour Division Investigators determined that minimum wage and overtime back wages are owed to seven employees, in the total amount of $42,497.24. ECF No. 15-3; *see also* ECF No. 15-1 at 3–4. Because that amount is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," the Court need not hold a hearing on damages. *e360 Insight*, 500

F.3d at 602 (quoting *Dundee Cement Co.*, 722 F.3d at 1323). The Court will accordingly award Plaintiff $42,497.24 in minimum wage and overtime back wages.

### 3.3.2 Liquidated Damages

Plaintiff also seeks liquidated damages in an amount equal to that sought for minimum wage and overtime back wages. ECF No. 15 at 4. The FLSA authorizes this type of recovery. § 216(b).

"Under [the] FLSA, liquidated damages are mandatory, unless the trial court determines that the employer, while acting in good faith, reasonably believed that its conduct was consistent with the law." *Jackson v. Go-Tane Servs. Inc.*, 56 F. App'x 267, 273 (7th Cir. 2003) (citing 29 U.S.C. § 260). There is no indication here that Defendants' violative conduct was undertaken in good faith. To the contrary, Defendants conceded to an investigator that they knowingly failed to pay overtime because of its cost. ECF No. 15-1 at 3. In any event, by failing to appear to defend against this action, Defendants forfeited the opportunity to argue that they acted in good faith. *See Jackson,* 56 F. App'x at 273 (noting that the employer "bears a *substantial burden* in showing that it acted reasonably and with good faith" (emphasis in original) (quoting *Bankston v. State of Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995))). Plaintiff is accordingly entitled to liquidated damages in the amount of $42,497.24.

### 3.3.3 Injunction

Plaintiff also seeks a permanent injunction pursuant to Section 217. ECF No. 15 at 4. Specifically, Plaintiff seeks the Court to permanently enjoin "Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from" violating Sections 206, 207, 211,

and 215 of the FLSA. ECF No. 1 at 4; ECF No. 15 at 4 (citing *Walling v. Panther Creek Mines, Inc.*, 148 F.2d 604, 605 (7th Cir. 1945)).

"Where . . . [Plaintiff] has established violations of the [FLSA] and there are insufficient assurances that Defendants will comply with the FLSA in the future, an injunction is appropriate." *Solis*, 819 F. Supp. 2d at 754 (citing *Herman v. Brewah Cab, Inc.*, 922 F. Supp. 1054, 1060 (E.D. Wis. 1998) and *Brock v. Lauritzen*, 649 F. Supp. 16, 18 (E.D. Wis. 1986), *aff'd*, 835 F.2d 1529 (7th Cir. 1987)). Plaintiff represents that there are "no mitigating factors to support an argument against an injunction" in this case. ECF No. 15 at 4. And by failing to appear to defend against this action, Defendants forfeited the opportunity to argue that any such mitigating factors exist. The Court will accordingly enter the requested injunction.[4]

### 4.   CONCLUSION

In light of the foregoing, the Court will grant Plaintiff's motion for default judgment, ECF No. 14, and will enter default judgment in favor of Plaintiff in the amount of $84,994.48. The Court will also enter a permanent injunction against Defendants by separate order, which shall be entered contemporaneously with this Order.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall update the docket to reflect the substitution of Vincent N. Micone, III as Plaintiff in this matter;

---

[4]An Investigator for the Department of Labor attests that Unity dissolved in January 2024. ECF No. 15-1 at 2. That would suggest that a permanent injunction would not be necessary. However, the dissolution proceedings were revoked in September 2024. *Corporate Records*, STATE OF WIS. DEP'T OF FIN. INSTS. [https://perma.cc/Z7FZ-G9XE] (last visited June 12, 2025). As of the date of this Order, Unity's status with the Wisconsin Department of Financial Institutions is "Delinquent." *Id.* The Court has no reason to believe that Unity is not currently operational.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment, ECF No. 14, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiff and against Defendants Unity Home Healthcare, LLC, Edward Thompson, and Debra J. Brooks, jointly and severally, in the amount of $84,994.48;

**IT IS FURTHER ORDERED** that Plaintiff is entitled to permanent injunctive relief on the terms set forth in this Order, and which will be entered by separate order; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter default judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge